## UNITED STATES v. RAILWAY EXPRESS AGENCY

**No. 5825.**—Invoices dated Havana, Cuba, January 14, 1942, and February 12, 1942.
Entered at Miami, Fla., January 16, 1942, and February 17, 1942.
Entry Nos. M–923 and M–1093.

(Decided February 15, 1943)

*Paul P. Rao,* Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the plaintiff.

Defendant not represented by counsel.

COLE, Judge: These appeals to reappraisement bring for determination the proper dutiable value of certain cigars, which were exported from Havana, Cuba, and imported at the port of Miami, Fla.

The importer's entry at the invoice unit values, less 5 per centum trade discount, plus packing, were accepted by the appraiser as the proper dutiable export value of the merchandise. The collector of customs, however, filed an appeal to reappraisement, claiming a higher foreign value was the proper basis for appraisement of the cigars.

When the cases were called for hearing at Miami on January 27, 1943, the parties entered into a stipulation, agreeing that at the time of exportation of the instant merchandise, such or similar cigars were freely offered for sale to all purchasers in the principal markets of Cuba, in the usual wholesale quantities and in the ordinary course of trade for home consumption, at the invoice values, without any discount allowance.

Acquiescing in this agreement, the court holds foreign value, as defined in section 402 (c) of the Tariff Act of 1930, as the proper basis for appraisement of the merchandise in question, and that such values are the invoice unit values, plus packing as invoiced. Judgment will be rendered accordingly.